# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRIAN JASIORKOWSKI ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-cv-12004 |
| ) | |
| J.A. CAMBECE LAW OFFICE, P.C., ) | |
| and CACH, LLC ) | |
|     Defendant, ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.    INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Brian Jasiorkowski, an individual consumer, against Defendants for their violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

### II.    JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendants transact business and reside here, personal jurisdiction is established.

### III.    PARTIES

4. Plaintiff, Brian Jasiorkowski (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Miami-Dade County, in the state of Florida.

5. Defendant, J.A. Cambece Law Office, P.C. (hereinafter "Defendant") is a collection agency and domestic corporation engaged in the business of collecting debt in this state with its principal place of business located in Essex County, in the state of Massachusetts.

6. Defendant, CACH, LLC (hereinafter "Defendant") is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Denver County, in the state of Colorado.

7. Plaintiff is informed and believes, and thereon alleged, that Defendants use instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being ''debt collectors'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. At all relevant times, Defendants acted through their duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   FACTUAL ALLEGATIONS

8. Sometime before October 5, 2016, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and was therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

10. The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Defendants then, within one year prior to the filing of this complaint, began contacting Plaintiff, prior to October 5, 2016; seeking and demanding payment for an alleged consumer debt owed under an account number.

12.  Plaintiff was sued by Defendants in Massachusetts in August of 2016.  Defendant CACH, LLC is a debt buyer and debt collector, and is the Plaintiff in that collection suit in state court.  Defendant J.A. Cambece Law Office, P.C. is a debt collector and served as the debt collection law firm utilized by CACH, LLC to initiate the lawsuit.  Suit was filed on August 8, 2016 in Massachusetts Trial Court, civil action number 1645CV000175; CACH, LLC vs. Jasiorkowski, Brian A.

13. In suing Plaintiff in Massachusetts, Defendants violated the FDCPA, as Plaintiff did not reside in Massachusetts at the time the lawsuit was filed against him, nor did he originally incur the alleged debt in Massachusetts.

14. Since Plaintiff did not sign the contract sued upon in Massachusetts, and did not reside in Massachusetts at the commencement of the action, venue for the suit filed against Plaintiff by Defendants was improper, and Defendants' conduct was in violation of the FDCPA; including but not limited the FDCPA's 15 U.S.C. §§1692i(a)(2)(A) and (B), and §1692f.

### V.   CAUSES OF ACTION

### CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS

15. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

17. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay on the alleged debt.

18. As a result of the foregoing violations of the FDCPA in its attempts to collect on the alleged debt, Defendants are respectively liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brian Jasiorkowski respectfully requests that judgment be entered against Defendants for the following:

A. Actual damages from each respective Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1,000.00 that Defendants violated the FDCPA, from each respective Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from each respective Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D.  Punitive damages from each respective Defendant and for Plaintiff.

E. For such other and further relief as the Court may deem just and proper.

Dated:  October 5, 2016                             RESPECTFULLY SUBMITTED,
                                                    By: /s/ Kevin Crick
                                                    Kevin Crick, Esq.
                                                    BBO:  680950
                                                    Rights Protection Law Group, PLLC
                                                    8 Faneuil Hall Marketplace, Third Floor
                                                    Boston, Massachusetts 02109
                                                    Phone: (844) 574-4487
                                                    Fax: (888) 622-3715
                                                    k.crick@rightsprotect.com
                                                    **Attorney for Plaintiff**

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Brian Jasiorkowski demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.